[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This appeal from the Family Support Magistrate's questions the right of the Magistrate to assign a "temporary assigned support account" in the amount of $2,784 from the State of Connecticut to the defendant Richard Mayo.
At the time of the magistrate's hearing on April 20, 1998, the petitioner Elizabeth Racine had just been discontinued from AFDC assistance. CT Page 9673
It appears that there was an arrearage to the State of Connecticut for $5,564 for nonpayment by the defendant during times when the petitioner had been receiving State assistance. There also was a "temporary assigned support account" of $2,740 for nonpayment during times when petitioner had not been receiving state assistance which the State claimed had been assigned to it by operation of law pursuant to § 17b-77, Conn. Gen. Stat.
The automatic assignment provided for in § 17b-77 was found by the magistrate to result, if at all, from eleven weeks of nonpayment between January 14, 1998 and March 31, 1998.
The Magistrate observed:
 "So the immediate net effect of his violating a court order is that he gets his future payments applied to reduce his debt to the State of Connecticut instead of supporting his child. That's what the computer wants to do?"
(Transcript, April 20, 1998 p. 4.)
The Magistrate continued:
 "Secondly, I'm going to make an arrearage finding as follows: to the State of Connecticut $5,584; to the Petitioner $2,694, both as of April 16, 1998."
(Transcript, April 20, 1998 p. 7.)
Section 17b-77, referring to an application for AFDC, provides:
 "By such application, the applicant shall assign to the commissioner the right of support, present, past and future, due all persons seeking assistance.
The broad question of assignment of rights of support was considered by the appellate court in Langon v. Weeks,37 Conn. App. 105 (1995). In Langon the court considered rights "for a period of time when she was not receiving benefits."
The court concluded that § 17b-77 occurred by operation of law and operated to assign rights even for a period when no assistance was being received. While the court upheld the assignment for a nonbenefit period it never really discussed the CT Page 9674 issue. The case discussion deals with the "validity of assignment," "Estoppel" and whether the State can broaden the protection afforded by Federal law.
The precise question presented on this appeal was presented to the Superior Court in Beausoleil v. Chamberland, No. FA 90 0039508 (Sept. 24, 1996) when the magistrate "unassigned" an arrearage which had been assigned pursuant to § 17b-77. On appeal the court relying on Langon v. Weeks agreed with the State and sustained the appeal.
This court notes that § 17b-77 provides for an "assignment of any and all support rights," this assignment is in the nature of security for repayment. The section does not provide that the State may in fact recover more than it has paid.
While the court believes that Langon may be dicta on the issue, and while Beausoleil is not binding on this court, §17b-77 appears unequivocal in its language. There is nothing in the assignment language which distinguishes between a "State arrearage" and an arrearage for a "temporary assigned support account". Stated most directly there is no distinction between periods of state assistance and periods of no assistance.
The entire system of AFDC payment is a complex system growing out of State Statute § 17b-77 (formerly § 17b-82b) and Federal Law, 42 U.S.C. § 1395u and 1395w-4, as well as extensive administrative regulation by each.
The court finds no basis to distinguish between an arrearage for a period of State assistance and an arrearage for a period during which no assistance is being paid. Neither does the court find any basis for the magistrate to "unassign" or "reassign" the petitioner's right to payment.
The appeal is granted. The matter is remanded to the magistrate for action consistent with this opinion.
Booth, J.